BELLE A. CARR, PLAINTIFF, v. NOCKEM RISKIN ET AL., DEFENDANTS.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *Jacob W.* and *Edgar A. De Yoe.*

*Contra, Ward & McGinnis.*

PER CURIAM.

The plaintiff brought suit to recover compensation for injuries received by her resulting from a fall in front of a building which, as she claimed, was owned by the defendants. The basis of her action is that the pavement along which she was walking when she fell was in a very dilapidated condition, making it dangerous to foot passengers, particularly in the evening, that being the time of day when she stumbled and fell. The exact location of the defective pavement, according to the testimony of the plaintiff, was where a driveway crossed the sidewalk and proceeded to the rear of the defendants' property. The fact that the flagstones on this driveway were in a dilapidated condition and to some extent dangerous to persons walking along the street was shown by a preponderance of the evidence, and most of the testimony was devoted to this phase of the case. The trial resulted in a verdict in her favor, and a rule to show cause

was allowed to the. defendants. After the allowance of the rule the defendants learned that two men, who had been sitting in an automobile which had been parked on the street about opposite to where the plaintiff fell, told a friend of the defendants that they had seen the accident and that it did not occur on this driveway but in front of premises adjacent to those owned by the defendants. This friend of the defendants told the latter what these two men had said, and the defendants thereupon applied for leave to take testimony upon this point to be used on the hearing of the present rule. This leave being granted, these two witnesses were examined, and their testimony corresponded with the statement which they had made to the defendants' friend, which has already been recited. The only witness who corroborated the plaintiff as to the place where her fall occurred was a. boy some ten or twelve years old. No one else apparently saw the accident except this boy and these two men. If the testimony of these newly-discovered witnesses is to be accepted as true, then the defendants are absolved from all liability. Their testimony is not cumulative, for the defendants at the trial did not attempt to dispute the location of the accident. It is newly-discovered evidence within the meaning of that. phrase, for these two witnesses, as the testimony shows, were strangers to the defendants and the latter had no knowledge of their presence at the time of the accident, or any fact. which put them on notice of such presence. In other words, the failure of the defendants to discover this testimony prior to the trial was not the result of any lack of due diligence on the part of either of them. In this situation it seems to us that justice requires that a new trial should be granted upon this ground; and this being so, we have not considered it necessary to decide any of the other reasons which the defendants contend would justify setting aside the verdict.

The rule to show cause will be made absolute.